UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CHARLES FRYE,

    Plaintiff,

v.                                                                CIVIL ACTION NO.  5:23-cv-00195

ICG BECKLEY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Charles Frye's Motion for Leave to Amend Complaint, filed May 2, 2023. [Doc. 12]. The matter is ready for adjudication.

### I.

This action arises from Mr. Frye's allegations that the Defendants are liable for certain injuries he sustained during an incident at the Beckley Pocahontas mine while employed by Defendant ICG Beckley, LLC ("ICG Beckley"). On March 9, 2023, Mr. Frye filed his Complaint against ICG Beckley and its parent company Arch Resources, Inc. ("Arch Resources"). On April 26, 2023, Arch Resources moved to dismiss.[1] [Doc. 7]. The same day, ICG Beckley filed its Answer in which it raised, in part, procedural concerns with Mr. Frye's assertion of subject matter jurisdiction. [Doc. 6]. Further review of the Complaint revealed Mr. Frye failed to properly allege complete diversity of the parties. Accordingly, on April 28, 2023, the Court ordered Mr. Frye to show cause why this action should not be dismissed for lack of subject matter jurisdiction. [Doc. 10].

---

[1] On May 2, 2023, the parties filed a joint Stipulation of Dismissal Without Prejudice as to Arch Resources. [Doc. 13]. Inasmuch as Arch Resources is no longer party to this action, the Motion to Dismiss is **DENIED AS MOOT** [**Doc. 7**].

On May 2, 2023, Mr. Frye filed (1) his response to the show cause order [Doc. 11]; (2) the instant motion for leave to amend the Complaint [Doc. 12]; and (3) a stipulation of dismissal without prejudice as to Arch Resources [Doc. 13]. Counsel for Mr. Frye cites excusable neglect in failing to properly assert jurisdiction as to ICG Beckley. [Doc. 11 at 1]. Accordingly, Mr. Frye seeks to amend his Complaint to remedy this shortcoming, as well as to remove Arch Resources as a defendant. [*Id.*; *see also* Doc. 12]. Counsel for Mr. Frye represents that ICG Beckley does not oppose amendment. [*Id.*; Doc. 12 at 1].

## II.

Pursuant to *Federal Rule of Civil Procedure* 15, where, as here, a party cannot amend as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (internal quotations omitted). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *see also Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

A futility determination, however, "does not involve an evaluation of the underlying merits of the case." *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647–48 (D. Md. 2015) (internal quotations omitted). Rather, "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft*

*Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980). Accordingly, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is *clearly insufficient or frivolous on its face.*" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (emphasis added).

### III.

As previously mentioned, Mr. Frye represents that ICG Beckley does not oppose the Motion. In addition, his proposed amendments cure procedural deficiencies regarding subject matter jurisdiction. Inasmuch as the Motion is unopposed and amendment sufficiently resolves the noted deficiencies, the Court **GRANTS** the Motion for Leave to Amend Complaint [**Doc. 12**] and **DISCHARGES** the Show Cause Order [**Doc. 10**]. The Clerk is **DIRECTED** to file the Amended Complaint as of the date of entry of this Order [**Doc. 12-1**].

The Clerk is **DIRECTED** to transmit copies of this written opinion and order to all counsel of record and to any unrepresented parties.

ENTER:    August 2, 2023

Frank W. Volk
United States District Judge